UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CSC Leasing Co., <br><br> *Plaintiff*, <br><br> v. <br><br> Financial Technology Corporation, d/b/a Teachers 'N Tools, <br><br> *Defendant*. | Civil Action No. _____ |

**VERIFIED COMPLAINT**

Plaintiff CSC Leasing Company ("CSC"), through counsel, files this Verified Complaint against Defendant Financial Technology Corporation d/b/a Teachers 'N Tools ("FTC", or the "Defendant"). In support, CSC states as follows:

**PRELIMINARY STATEMENT**

1. CSC leased various items of equipment to FTC pursuant to a master lease agreement and corresponding lease schedules. FTC has failed to pay to CSC the regular rental amounts due and owing for that equipment. As of the filing of this Complaint, FTC owes to CSC past due rent in the amount of $300,142.75—including taxes and finance charges but excluding legal fees and other costs of collection—and prospective, basic rent due over the remaining terms of the respective lease schedules in the amount of $172,837.57. As of June 30, 2020, the total amount due and owing to CSC is not less than $484,484.01, including legal fees and certain costs of collection through June 2020 but excluding any sums due and owing

---
James K. Donaldson, Esq. (VSB No. 80307)
LimNexus LLP
1050 Connecticut Ave. NW, Suite 500
Washington, DC 20036
(213) 955-9500 (telephone)
(213) 955-9511 (facsimile)
jed.donaldson@limnexus.com
*Counsel to CSC Leasing Co.*

concerning the fair market value of the Leased Equipment, defined below.

## PARTIES

2. Plaintiff CSC is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business located at 6802 Paragon Place, Suite 350, Richmond, Virginia 23230.

3. Defendant FTC is a corporation organized under the laws of the State of Tennessee, with its principal place of business located at 505 Energy Center Boulevard, Northport, Alabama 35473-2795.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because (i) the amount in controversy exceeds $75,000.00, excluding interest, costs, and fees; and (ii) the action is between citizens of different states.

5. The Court has personal jurisdiction over the Defendant pursuant to Virginia Code § 8.01-328.1 because the Defendant transacted business in the Commonwealth of Virginia, committed the acts complained of in the Commonwealth of Virginia, and caused injury to CSC in the Commonwealth of Virginia.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial portion of the events and omissions giving rise to CSC's claims and causes of action occurred in this District.

7. Also, the Master Lease, defined below, provides that the "sole and exclusive jurisdiction for any legal action, suit, or proceedings arising out of [the] Master Lease . . . shall be a state or federal court of competent jurisdiction for the County of Henrico, Virginia . . ." (**Exhibit 1**, at 14.)

# FACTS

## A. The Master Lease

8. On April 20, 2018, CSC, as lessor, and FTC, as lessee, executed that certain Master Equipment Lease Agreement No. 2018021 (the "Master Lease"). (**Exhibit 1**, attached hereto, is a true and accurate copy of the Master Lease.)

9. The Master Lease provides for the governing and controlling terms as to each Schedule, defined below, and the Leased Equipment, defined below.

10. The Master Lease provides that Virginia law shall control as to any disputes. (**Ex. 1**, at 14–15.)

11. The Master Lease provides that CSC is the sole and exclusive owner of the Leased Equipment, defined below. (**Ex. 1**, at 4.)

12. Pursuant to § 4(b) of the Master Lease, FTC must pay for the personal property taxes assessed on the Leased Equipment, which taxes are to be filed by CSC. (**Ex. 1**, at 3–4.)

13. Section 5 of the Master Lease authorizes CSC, or its agent, with "free access to the Equipment . . . for the purpose of inspection and for any other purpose contemplated in [the] Master Lease." (**Ex. 1**, at 4.)

14. Section 11(a) of the Master Lease provides that "[t]he failure to pay the Basic Rental or other monies due upon their due date and within five (5) days after receipt of written notice from" CSC is an event of default. (**Ex. 1**, at 8.)

## B. The Equipment Schedules & Certificates

15. Currently, pursuant to the Master Lease, FTC and CSC have executed Schedules A, B, and C (collectively, the "Schedules"; each, a "Schedule"). (**Exhibit 2**, attached hereto, is a true and accurate copy of each of the Schedules.)

16. Each Schedule details and itemizes equipment owned by CSC and leased to FTC, including the description, quantity, manufacturer, model number, and serial number for the respective equipment (collectively, across all Schedules, the "Leased Equipment").

17. In addition to describing the Leased Equipment, each Schedule provides the dollar amount of the Basic Rental, as defined therein, to be paid by FTC to CSC and the term, interval, and duration of the Basic Rental to be paid by FTC to CSC, as well as late fees.

18. Further, each Schedule sets forth the location at which the Leased Equipment was delivered.

19. Each Schedule "incorporate[s] by reference all terms and conditions of this Master Lease except as provided herein together with such other terms or amendments, which may be specified in such Schedule, and together with this Master Lease, each Schedule shall individually constitute the lease (Lease) for the Equipment specified in such Schedule." (**Ex. 1**, at 2.)

20. As to Schedules A, B, and C, FTC executed a corresponding acceptance certificate (collectively, the "Acceptance Certificates"; each, an "Acceptance Certificate"). (**Exhibit 3**, attached hereto, is a true and accurate copy of each Acceptance Certificate.)

21. In each Acceptance Certificate, FTC certified that the Leased Equipment (a) had been "inspected by authorized representatives of [FTC], (ii) installed and place in good working order, and (iii) accepted by [FTC] for leasing under all provision[s] of the [Master] Lease; and (b) that [FTC] is obligated to pay the rental and all other sums provided for in the [Master] Lease . . ." (**Ex. 3**, at 1.)

22. CSC and FTC are also parties to that certain Assignment of Proceeds and Consent (the "Assignment"), by which FTC granted to CSC a lien and security interest in "all moneys

due or to become due to [FTC] under the CIT Agreement," as defined in the Assignment. (**Exhibit 4**, attached hereto, is a true and accurate copy of the Assignment.)

23. Certain of the Leased Equipment is utilized by FTC under a CIT Agreement with the Conecuh County, Alabama Board of Education and its schools (the "County"), for which County pays FTC for those services under the CIT Agreement. (**Ex. 4**, at 1.)

24. The County acknowledged and consented to the Assignment. (**Ex. 4**, at 3.)

**C. FTC's Defaults**

25. As of June 30, 2020, the past due sum owed to CSC under the Schedules equals $300,142.75, comprised of: (i) basic rent and associated taxes of $229,807.11; and (ii) finance charges of $70,335.64.

26. On February 19, 2020, CSC, through counsel, sent to FTC a notice of default and cure rights (the "February Notice"). (**Exhibit 5**, attached hereto, is a true and accurate copy of the February Notice.)

27. As of February 19, 2020, FTC owed to CSC past due rent, taxes, and finance charges of not less than $231,593.53.

28. On June 19, 2020, CSC, through counsel, sent to FTC a notice of acceleration concerning the amounts due to CSC under the Master Lease (the "June Notice"). (**Exhibit 6**, attached hereto, is a true and accurate copy of the June Notice.)

29. To date, FTC has failed to cure the defaults stated in the February Notice and the June Notice.

30. In 2020, FTC has made no payments to CSC.

31. In June 2020, FTC issued a payment to CSC, by check, but subsequently placed a "stop payment" order on that check, which was in the approximate amount of $22,000.00.

32.     As of the filing of this Complaint, FTC owes CSC one outstanding and past-due invoiced payment under Schedule A.

33.     As of the filing of this Complaint, FTC owes CSC one outstanding and past-due invoiced payment under Schedule B.

34.     As of the filing of this Complaint, FTC has never tendered to CSC any sums for payment in connection with the three payments invoiced under Schedule C.

35.     FTC is therefore in default under the terms of the Master Lease, including, without limitation, § 11(a) of the Master Lease.

36.     Under the terms of the Master Lease, in the event of default by FTC, CSC is entitled to take remedial actions, including, without limitation, accelerating the amount due to CSC under the Lease as set out in each Schedule and taking immediate possession of CSC's Leased Equipment. (**Ex. 1**, at 10–11.)

37.     As of the filing of this Complaint, FTC has not tendered any amounts or funds to cure the late payments due under the Master Lease and Schedules.

38.     In addition to the past due amounts due and owing to CSC under the Master Lease, FTC owes to CSC one future payment under Schedule B, for which a single Basic Rental payment with taxes is $103,570.31.

39.     In addition to the past due amounts due and owing to CSC under the Master Lease, FTC owes to CSC two future payments under Schedule C, for which a single Basic Rental payment with taxes is $34,633.63, for an aggregate amount of $69,267.26.

40.     Accordingly, the aggregate, accelerated amount of prospective rent ("Prospective Rent") due and owing to CSC from FTC—under Schedules B and C—is $172,837.57, excluding costs, fees, and other expenses incurred in connection with collection.

41. CSC has invoiced FTC for rent due and owing through June 2020; accordingly, the Prospective Rent due is for July 2020 through the respective, remaining terms of the Schedules.

42. To date, through June 2020, CSC has incurred $11,503.69 in costs, legal fees, and expenses in connection with collection efforts and protecting its interests in the Leased Equipment.

43. The total amount of due and owing from FTC is $484,484.01, excluding prejudgment interest.

44. The total sum of $484,484.01 excludes the value of the Leased Equipment.

45. These amounts are attested to in the Affidavit on Jonathon W. Albright, CSC's Chief Financial Officer, attached hereto.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT (FTC)

46. Plaintiff CSC incorporates by reference, as though fully restated herein, each of the allegations stated at paragraphs 1 through 45, above.

47. The Master Lease, the Schedules, and the Acceptance Certificates, by and between CSC and FTC were duly executed, and those documents comprise a valid contract between CSC and FTC providing for, without limitation, the timely payment of the amounts due under each Schedule.

48. FTC has materially breached the Master Lease and Schedules, through the series of unlawful acts and omissions described in this Complaint, including, without limitation, the payment defaults described above.

49. FTC's breaches of the Master Lease and Schedules are the direct and proximate

cause of damages to, and harm sustained by, CSC.

50. CSC therefore seeks a judgment against FTC, for unpaid rent, related taxes, finance charges, estimated personal property taxes, Prospective Rent, and legal fees in the total amount of $484,484.01, *plus* prejudgment interest from February 19, 2020 until the date of judgment, post-judgment interest, fees, and costs, including reasonable attorneys' fees incurred in filing this lawsuit.

## COUNT II – DETINUE (FTC)

51. Plaintiff CSC incorporates by reference, as though fully restated herein, each of the allegations stated at paragraphs 1 through 50, above.

52. Title for the Leased Equipment did not pass at any time to FTC, or any other third-party, and the Leased Equipment remains the property of CSC.  (**Ex. 1**, at 4.)

53. CSC is entitled to immediate possession of the Leased Equipment because FTC is in default, as provided by the terms of the Master Lease.  (**Ex. 1** at 10–11.)

54. The Leased Equipment is identifiable and has value.

55. FTC took possession of the Leased Equipment as indicated by the Acceptance Certificates.

56. FTC continues to retain the Leased Equipment, which is currently being depreciated and dissipated without payment to CSC.

57. CSC therefore seeks a judgment against FTC for immediate and exclusive possession of the Leased Equipment.

## RESERVATION OF RIGHTS

58. CSC reserves all rights, claims, and defenses as to FTC, as well as its insiders, owners, principals, members, affiliates, and/or subsidiaries.  Nothing herein shall be construed as

a waiver of, or otherwise prejudice, CSC rights, claims, and defenses as to FTC, the Leased Equipment, and/or any other individual or entity, including, without limitation, to amend this Complaint based on any additional facts that may become known after the filing of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff CSC requests that the Court enter an order:

A. Granting judgment in CSC's favor and awarding an amount to be proven at trial, but not less than $484,484.01, which is comprised of (i) $300,142.75 in past due rent, taxes, and finance charges; (ii) $172,837.57 in prospective rent and taxes; and (iii) $11,503.69 in legal fees and expenses incurred through June 2020;

B. Awarding prejudgment and post-judgment interest;

C. Awarding to CSC the costs, expenses, and fees incurred by CSC in pursuing this action, including, without limitation, reasonably attorneys' fees;

D. Directing FTC to return to CSC, or its duly authorized agent, the Leased Equipment at the sole cost and expense of FTC; and

E. Providing such further relief that the Court deems proper.

DATED: July 2, 2020                    CSC LEASING CO.

/s/ James Donaldson
James K. Donaldson, Esq. (VSB No. 80307)
LimNexus LLP
1050 Connecticut Ave. NW, Suite 500
Washington, DC 20036
(213) 955-9500 (telephone)
(213) 955-9511 (facsimile)
jed.donaldson@limnexus.com

*Counsel for CSC Leasing Co.*